In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Respondents, v KRISTOS KATEHIS, Appellant. [803 NYS2d 546]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered July 28, 2004, which granted petitioner insurer's application to permanently stay an uninsured motorist arbitration demanded by respondent insured, unanimously affirmed, without costs.

Respondent was struck by a vehicle in October 2000. Although the police responded, attempts made by respondent's two original attorneys to locate the police report were unsuccessful, and

both advised respondent that they were unable to discover the identity of the offending vehicle's owner or driver. In December 2002, a new attorney discovered a police report, but it was not the original report, which apparently was never filed, and did not list the offending vehicle's owner, license plate number or insurance information. Not until May 2003, after somehow learning the owner's name, did respondent's attorney give petitioner written notice of a potential uninsured motorist claim. Finally, in April 2004, after a January 2004 disclaimer of coverage in an action brought by respondent against the owner, respondent's attorney served a demand for arbitration. Arbitration was properly stayed on the ground that respondent's May 2003 notice of a potential uninsured motorist claim was not given as soon as practical, as required by the parties' policy. Respondent's inability to discover the police report or otherwise learn the identity of the offending vehicle's owner or driver "should have alerted him to the fact that he had a potential uninsured motorist claim" much sooner than the 2½ years it took him to give petitioner notice thereof (*Matter of Nova Cas. Co. v Helmstadt*, 204 AD2d 330 [1994]). Concur—Mazzarelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.